IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO: 1:08-cr-175-TFM |
| ) | [wo] |
| SUN C. MCMURPHY ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Sun C. McMurphy's *Motion for Judgment of Acquittal or in the Alternative, a New Trial* (Docs. 49-50). For the reasons discussed below, the motion is **DENIED**.

### I. FACTS AND BACKGROUND

On September 29, 2009, following a two day trial, Defendant Sun C. McMurphy ("Defendant" or "McMurphy") was convicted of one count of theft of public property, a violation of 18 U.S.C. § 641. As to the one count information, the jury concluded that (1) the property belonged to the United States and had a value of $1000.00 or less at the time alleged; (2) that McMurphy stole or converted the property to her own use; and (3) that McMurphy did so knowingly and willfully and with an intent to deprive the owner of the use or benefit of the property taken. Testimony at trial established the following:

On March 23, 2008, Defendant Sun C. McMurphy ("Defendant" or "McMurphy") entered the Army and Air Force Exchange Service ("PX"). Ms. Linda Scott ("Scott"), a store detective in loss prevention was on duty in the PX as was Ms. Karmin Suarez ("Suarez").

Scott testified that she and Suarez began to watch McMurphy through the security cameras. During her surveillance, Scott saw McMurphy take a $24.00 set of three Monet rings and a set of earrings from the shelf. McMurphy took the rings out of the packaging and put them on her finger. McMurphy put the empty packaging on a shelf and browsed the store for a period of time afterwards. She then paid for the earrings, but not the rings, just prior to leaving the store. In the meantime, Suarez went to the area' where McMurphy had placed the empty packaging and located it on the shelf where McMurphy had placed it. Scott testified she saw Suarez through the video hold up the empty packaging and then Suarez returned to the security area with the empty package. After McMurphy left the store, Scott intercepted her and brought her back into an office in the PX to await the arrival of the Military Police ("MP"). The MPs took the stolen rings from McMurphy and took her to the MP station. Scott further testified that the video of McMurphy's actions from when they started observing her was kept, but all other videos were not kept as they were not deemed relevant.

    At trial, McMurphy and her husband testified that the rings taken from her by the MP were rings she bought on an earlier trip to another PX. The form the MP use to document the incident lists the rings which they took from McMurphy as "used." Scott signed the form listing the rings as used. At trial Scott testified that used, in her opinion, was to denote the rings were not in their original packaging and had been put to use during the theft by McMurphy as opposed to the overall condition of the rings.

Scott testified the security system began to record McMurphy when she began to watch McMurphy through the security system. The United States introduced and played the tape at trial. *See* Government Trial Exhibit 1, "Surveillance Video." Scott also testified the security system recorded Suarez when she came to the shelf and held up the discarded packaging material. According to Scott, the videotape was discarded as unnecessary. In addition, the security system continuously records patrons when the PX is open therefore their would have been footage of McMurphy prior to Scott beginning her surveillance of McMurphy, but that such recordings are not regularly kept unless specifically determined as relevant. Consequently, Scott testified that any footage of McMurphy prior to the shoplifting incident no longer exists.

## II. JUDGMENT OF ACQUITTAL

### A. Standard of Review

McMurphy brings her motion for judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. Rule 29(c) enables a defendant to move for a judgment of acquittal after the jury's verdict or discharge and enables the court to grant that motion by setting aside a guilty verdict and entering an acquittal. *See* FED. R. CRIM. P. 29(c)(1) and

(2).[1,2]  In reviewing a claim of insufficient evidence, the court must examine the evidence and draw all reasonable inferences and credibility choices in the light most favorable to the government.  *United States v. Tate*, — F.3d — , 2009 WL 3490293, *6 (11th Cir. 2009) *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005) (citing *United States v. Bowman*, 302 F.3d 1228, 1237 (11th Cir. 2002)).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt ... [as a] jury is free to choose among reasonable constructions of the evidence."  *United States v. Thomas*, 8 F.3d. 1552, 1556 (11th Cir. 1993) (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc)); *accord United States v. Green*, 275 Fed. Appx. 787, 899 (11th Cir. 2008) (unpublished) (quoting *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997)).  Further, "in determining the sufficiency of the prosecutions case, [a court makes] no distinction between circumstantial and direct evidence."  *Tate*, — F.3d at — , 2009 WL 3490293 at *7 (citations omitted).

---

[1] The rule in effect in October 2009 required the defendant to bring the motion within 7 days after the jury verdict.  The Court does note Congress has modified the rule to read within 14 days after a guilty verdict.  However, the effective date of this modification is not until December 1, 2009.  Regardless, the motion was timely filed.

[2] The government states in its brief that because McMurphy testified on her own behalf, any motion for judgment of acquittal would be due denial because she has waived her objections.  This is true for the oral motion for judgment of acquittal raised under Fed. R.Crim. P. 29(a).  By presenting evidence including taking the stand to testify, McMurphy waived her objections to this Court's oral ruling denying the Rule 29(a) motion.  However, McMurphy has now raised a Rule 29(c) motion which this court must now address by examining all of the evidence presented at trial and not just the government's case-in-chief.  *See United States v. Alejandro*, 118 F.3d 1518, 1521 (11th Cir. 1997) (citations omitted); *see also United States v. Brown*, 53 F.3d 312, 314 n. 3 (11th Cir. 1995) (discussion on waiver of Rule 29(a) motion by presenting evidence, but that the court must review <u>all</u> evidence with a Rule 29(c) motion).

Thus, the court is "bound by the jury's credibility determinations, and by its rejection of inferences raised by the defendant." *Hernandez*, 433 F.3d at 1334 (quoting *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 1335 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). In other words, "[a] conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *Tate*, — F.3d at — , 2009 WL 3490293 at *6 (quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999)).

**B.     Discussion and Analysis**

McMurphy now seeks a judgment of acquittal on grounds that no reasonable jury could find the evidence establishes her guilt beyond a reasonable doubt. As noted above, the court must view all the evidence in the light most favorable to the United States and draw all reasonable inferences and credibility choices in favor of the verdict. *See Alejandro*, 118 F.3d at 1521 (citations omitted). There is sufficient evidence to sustain a conviction in this case.

Scott, the eyewitness to the theft testified that she saw McMurphy shoplift. When Scott and Suarez confronted McMurphy, they found the stolen rings on her finger and the receipt proved McMurphy did not pay for the rings. It is difficult to imagine any more additional evidence a shopkeeper could or must present to sustain a conviction for

shoplifting. The destruction of the remaining video footage is a specious argument at best. Clearly, the prosecution theory was that the rings were stolen at a point *after* Scott began to train the cameras upon McMurphy. The videotape offered at trial sufficiently confirms the prosecution theory. However, the Court need not decide finally whether the government's evidence alone was enough to prove guilt.

In addition to the other evidence of guilt, McMurphy elected to take the stand and testify in her own defense. Defendants in criminal trial are not obliged to testify [and] a defendant who chooses to present a defense runs a substantial risk of bolstering the Government's case." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) (citing *United States v. Bennett*, 848 F.2d 1134, 1139 (11th Cir. 1988)). Specifically, "a defendant whose motion for acquittal at the close of the Government's case is denied must decide whether to stand on his motion or put on a defense, with the risk that in so doing he will bolster the Government case enough for it to support a verdict of guilty." *Id.* (quoting *McGautha v. California*, 402 U.S. 183, 214, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971)). The Eleventh Circuit has long recognized the principle that "a statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." *Alejandro*, 118 F.3d at 1521 (quoting *Brown*, 53 F.3d at 314). Thus, when a defendant chooses to testify, she runs the risk that if disbelieved, the jury might conclude the opposite of her testimony is true and thereby establish the elements of the offense. *Id*. This rule has "special force" where highly subjective elements, such as intent or knowledge, are to be

proved. *Id*. McMurphy chose to present evidence including the testimony by her and her husband, and the jury obviously disbelieved and rejected that testimony when it returned a guilty verdict. The mere fact the jury returned a guilty verdict after less than thirty minutes of deliberation after a two day trial indicates the jury rejected McMurphy's testimony and evidence. Therefore, McMurphy's motion for judgment of acquittal is denied.

### III. MOTION FOR A NEW TRIAL

**A.   Standard of Review**

FED. R. CRIM. P. 33 authorizes the Court to grant a new trial "if justice so requires." Unlike a motion for judgment of acquittal under FED. R. CRIM. P. 29, on a Rule 33 motion for new trial, the Court need not view the evidence in the light most favorable to the verdict. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Rather, the court "may weigh the evidence and consider the credibility of the witnesses." *Id*.; *accord Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004); *see also Green*, 275 Fed. Appx. at 900 (quoting *Martinez*). However, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Martinez*, 763 F.2d at 1312-13. To set aside a jury's verdict, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Williams*, 291 Fed. Appx. 288, 290 (11th Cir. 2008) (unpublished) (quoting *Martinez*). Furthermore, the Eleventh Circuit has specifically stated on numerous occasions that motions for new trial based on the weight of the evidence are not favored, granted

sparingly, with caution, and only in exceptional cases. *See Martinez*, 763 F.2d at 1313; *Williams*, 291 Fed. Appx. at 290; *Green*, 275 Fed. Appx. at 900. By setting this threshold high, the Eleventh Circuit ensures that the trial court judge does not simply substitute his judgment for that of the jury. *See Martinez*, 763 F.2d at 1313.

**B.     Discussion and Analysis**

This is not an exceptional case and none of Defendant's arguments provide valid reasons for the Court to grant a new trial. The evidence at trial was more than sufficient to support the guilty verdict. The Court has already summarized the evidence above and will not repeat it here. Further, the Court already rejected the argument asserted by Defendant where she states the destruction of the other videos from the store and the failure of the government to produce the rings and card mar the government's case. *See* Opinion on Motion to Dismiss. Thus, the Court will not rehash those arguments or analysis here.

### IV. CONCLUSION

Based on the foregoing, Defendant McMurphy's *Motion for Judgment of Acquittal or in the Alternative, a New Trial* (Doc. 49) is **DENIED.**

DONE this 19th day of November, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE